Turner v Zito (2021 NY Slip Op 03775)





Turner v Zito


2021 NY Slip Op 03775


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1033 CA 20-00214

[*1]JACQUELYNE TURNER, PLAINTIFF-RESPONDENT,
v
GINA ZITO, DEFENDANT-APPELLANT. 






LAW OFFICE OF JOHN TROP, ROCHESTER (TIFFANY L. D'ANGELO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PARISI & BELLAVIA, LLP, ROCHESTER (TIMOTHY C. BELLAVIA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered October 30, 2019. The order granted the motion of plaintiff for partial summary judgment on the issue of serious injury and refused to entertain defendant's cross motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries she allegedly sustained in a car accident. Plaintiff thereafter moved for partial summary judgment on the issue of serious injury, and defendant filed an untimely cross motion for summary judgment dismissing the complaint on that same issue (see generally Insurance Law § 5102 [d]). Supreme Court granted plaintiff's motion and refused to entertain defendant's cross motion given its untimeliness. Defendant now appeals.
With respect to plaintiff's motion, we agree with defendant that plaintiff failed to meet her initial burden of establishing, as a matter of law, that she suffered a serious injury in the subject accident (see Savilo v Denner, 170 AD3d 1570, 1570-1571 [4th Dept 2019]; Aughtmon v Ward, 133 AD3d 1270, 1271 [4th Dept 2015]). In any event, defendant raised a triable issue of fact in opposition (see Cook v Peterson, 137 AD3d 1594, 1596-1597 [4th Dept 2016]). The court thus erred in granting plaintiff's motion, and we modify the order accordingly.
We reject defendant's further contention, however, that the court abused its discretion in refusing to entertain her untimely cross motion (see Wilmington Sav. Fund Socy., FSB v McKenna, 172 AD3d 1566, 1567-1568 [3d Dept 2019]; see generally Fahrenholz v Security Mut. Ins. Co. [appeal No. 2], 32 AD3d 1326, 1328 [4th Dept 2006]). "While [plaintiff's] pending motion . . . for similar relief would have been a sufficient basis to consider [defendant's] untimely [cross] motion" (Bressingham v Jamaica Hosp. Med. Ctr., 17 AD3d 496, 497 [2d Dept 2005]), the court was not obligated to do so.
Defendant's remaining contention is without merit.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court